# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* S.G.

No. 18-0557 (Hampshire County 17-JA-52)

FILED

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother J.R., by counsel Jeremy B. Cooper, appeals the Circuit Court of Hampshire County's April 9, 2018, order terminating her parental rights to S.G.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Julie A. Frazer, filed a response on behalf of the child in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in terminating her parental rights because it never established jurisdiction over her.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2017, the DHHR filed a petition alleging that petitioner left the child with a relative and fled from authorities in Virginia. According to the DHHR, petitioner was "wanted allegedly for distribution of heroin" and "there may also be charges in [West Virginia] pending." Additionally, the DHHR alleged that petitioner's parental rights to several other children were previously terminated. The circuit court held a preliminary hearing; however the parties determined that petitioner was not yet served with the petition and that her whereabouts were currently unknown. The circuit court continued the hearing.

The circuit court held an adjudicatory hearing in November of 2017 and the DHHR informed the circuit court that petitioner was served by publication. Additionally, the DHHR located petitioner in the Northwestern Regional Adult Detention Center in Winchester, Virginia,

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

which was the same facility where the father was incarcerated. Accordingly, the circuit court found that petitioner was served by publication, but also ordered the DHHR to serve her at the facility where she was incarcerated. The DHHR indicated that the petition would be amended to include allegations against the father. Counsel for the father agreed to accept service on the father's behalf. The circuit court continued the adjudicatory hearing.

Petitioner did not appear for the adjudicatory hearing in January of 2018, but was represented by counsel. The father appeared telephonically. The circuit court found that petitioner was served by publication in October of 2017 and served by certified mail in January of 2018, based on counsel's confirmation of both forms of service. The circuit court found that, despite service, petitioner made no contact with the DHHR, her attorney, or the child's relative caretaker. The circuit court further found that petitioner's parental rights were previously terminated to two other children and that her circumstances had not substantially changed since those terminations. As a result, the circuit court adjudicated petitioner as an abusing parent and set a date for a dispositional hearing.

Petitioner did not appear for the dispositional hearing in March of 2018, but was represented by counsel. The father appeared telephonically. Petitioner's counsel indicated that she discussed the allegations of this case with petitioner and that petitioner indicated that she was unaware her parental rights were previously terminated in Preston County, West Virginia. The evidence illustrated petitioner's lack of involvement in her prior abuse and neglect proceeding. According to the October 11, 2012, dispositional order in that case, petitioner did not appear for any of the hearings, was the subject of a capias warrant in Pennsylvania, had been recently incarcerated, was addicted to controlled substances, and refused substance abuse treatment. Following the presentation of evidence in the instant matter, the circuit court found that petitioner had made no substantial changes in her circumstances since the prior termination of her parental rights. Accordingly, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected. The circuit court terminated petitioner's parental rights in its April 9, 2018, order. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply

---

[2]The father's parental rights were also terminated below. According to the parties, the permanency plan for the child is adoption in her current relative foster placement.

because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights because it never established jurisdiction over her. Petitioner denies that she was personally served and argues that the record does not prove that service by publication was achieved. Further, petitioner argues that she did not sign the receipt for certified mail, but rather it was signed by an agent of the correctional facility where she was housed. Upon our review, and based upon the specific facts of this case, we find no error in the proceedings below.

West Virginia Code §49-4-601(e) governs notice for abuse and neglect proceedings and provides in relevant part:

> (e) Notice of hearing.
> (1) The petition and notice of the hearing shall be served upon both parents and any other custodian, giving to the parents or custodian at least five days' actual notice of a preliminary hearing and at least ten days' notice of any other hearing.
> . . .
> (3) In cases where personal service within West Virginia cannot be obtained after due diligence upon any parent or other custodian, a copy of the petition and notice of the hearing shall be mailed to the person by certified mail, addressee only, return receipt requested, to the last known address of the person. If the person signs the certificate, service shall be complete and the certificate shall be filed as proof of the service with the clerk of the circuit court.
> (4) If service cannot be obtained by personal service or by certified mail, notice shall be by publication as a Class II legal advertisement in compliance with article three, chapter fifty-nine of this code.

Counsel for petitioner proffered that she discussed the allegations in the petition with petitioner in person and confirmed that petitioner was served by certified mail. Accordingly, we find that petitioner had actual notice of these proceedings. As this Court has recognized, "[f]ailure to observe a constitutional right constitutes reversible error unless it can be shown that the error was harmless beyond a reasonable doubt." Syl. Pt. 2, *State ex rel. Waldron v. Scott*, 222 W.Va. 122, 663 S.E.2d 576 (2008) (citations omitted).

We have previously held as follows:

> [w]here there has been a prior involuntary termination of parental rights to a sibling, the issue of whether the parent has remedied the problems which led to the prior involuntary termination sufficient to parent a subsequently-born child

must, at minimum, be reviewed by a court, and such review should be initiated on a petition pursuant to the provisions governing the procedure in cases of child neglect or abuse set forth in West Virginia Code §§ 49-6-1 to -12 (1998) [now West Virginia Code §§ 49-4-601 through 49-4-610]. Although the requirement that such a petition be filed does not mandate termination in all circumstances, the legislature has reduced the minimum threshold of evidence necessary for termination where one of the factors outlined in West Virginia Code § 49-6-5b(a) (1998) [now West Virginia Code § 49-4-605(a)] is present.

*In re Kyiah P.*, 213 W.Va. 424, 427, 582 S.E.2d 871, 874 (2003) (quoting Syl. Pt. 2, *In the Matter of George Glen B.*, 205 W.Va. 435, 518 S.E.2d 863 (1999)). It is clear from the record that petitioner was represented by counsel at every proceeding and granted an opportunity to present evidence and cross-examine witnesses. However, the evidence presented showed that petitioner had not remedied the conditions which led to the prior termination of her parental rights. Petitioner continued to suffer from her substance abuse, was incarcerated as a result of her addiction, and presented no evidence that she sought treatment for that addiction. Accordingly, we find no error in the circuit court's decision to terminate her parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 9, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  November 21, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins

**DISSENTING:**

Justice Paul T. Farrell sitting by temporary assignment